UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICKY LOUIS WEBB, ) | |
| ) | |
| Petitioner, ) | 3:04-cv-0116-JCM-RAM |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| MIKE BUDGE, *et al.*, ) | |
| ) | |
| Respondents. ) | |
| ) | |

**I. Introduction**

This action is a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254, by Ricky Webb, a Nevada prisoner. The action comes before the court with respect to its merits. The court will deny the petition.

**II. Facts and Procedural Background**

The state originally charged petitioner with three counts of burglary, two counts of attempted fraudulent use of a credit card and one count of unlawful use of a credit card. Exhibit 2.[1] Petitioner entered the victim's hotel room on three separate occasions: once at 3:32am, again at 4:17am and a final time at 4:23am, and the events were captured on the hotel surveillance video.

---

[1] The exhibits cited in this order in the form "Exhibit ___," are those filed by respondents in support of their motion to dismiss, and are located in the record at docket #19 and 20.

1  Exhibits 3 and 4.  There was a question as to whether petitioner removed property each time he
2  entered the hotel room or whether he only removed items during the last entry into the room.
3  Exhibit 4.
4       Petitioner waived the preliminary hearing, and agreed to enter into a guilty plea to
5  three counts of burglary, and in exchange the state could seek any appropriate sentence, would
6  dismiss the remaining three charges, would not seek habitual status, and would not pursue the charge
7  of ex-felon in possession of a firearm.  Exhibit 2.  On January 26, 2001, the state filed an information
8  charging petitioner with only three counts of burglary.  Exhibit 3.  The petitioner signed a formal
9  guilty plea, memorializing the agreement with the state.  Exhibit 5.  On February 8, 2001, the district
10 court canvassed the petitioner with respect to the plea and accepted the plea.  Exhibit 4.
11      The sentencing hearing was held on April 3, 2001, and the trial court sentenced
12 petitioner to one hundred twenty months in prison with parole eligibility in forty months for each of
13 the three counts, with each sentence to run consecutively.  Exhibit. 6.  A judgment of conviction was
14 entered on that same day.  Exhibit 7.  Petitioner appealed but later appellate counsel withdrew the
15 appeal with petitioner's consent.  Exhibits 8, 9 and 12.  The Nevada Supreme Court dismissed the
16 appeal on June 18, 2001.  Exhibit 13.  Petitioner attempted to reinstate the appeal, arguing he did not
17 voluntary consent to the dismissal of his appeal.  Exhibits 14 and 15.  The court elected not to
18 reinstate the appeal.  Exhibit 16.  Remittitur issued on October 29, 2001.  Exhibit 17.
19      Petitioner filed his state petition for habeas corpus relief on January 8, 2002, raising
20 fourteen grounds for relief.  Exhibit 21.  The state district court appointed counsel.  Exhibit 22.  In
21 petitioner's supplemental petition he argued an additional three claims.  Exhibit 24.
22      The state, in its response and motion to dismiss the claims, conceded that a hearing
23 was warranted on claims eight, eleven and twelve in the original petition and on claims one and two
24 in the supplemental petition.  Exhibit 25.  These claims alleged that: (1) trial counsel violated
25 petitioner's sixth amendment rights by wrongfully admitting petitioner's guilt and calling petitioner a
26 thief at sentencing, (2) counsel prejudiced petitioner and violated his sixth amendment rights when

he told the court it needed to punish petitioner to protect society, (3) appellate counsel violated petitioner's sixth amendment rights when she denied petitioner his direct appeal by fraudulently submitting a voluntary dismissal, (4) trial counsel failed to present his client in a favorable light, and (5) counsel failed to litigate the legality of charging petitioner with three separate counts of burglary. Exhibits 21 and 24.

The trial court granted a hearing on the above claims and dismissed the remainder of petitioner's claims. Exhibit 30. After the hearing on January 31, 2003, the trial court granted petitioner relief on claims one and two contained in the supplemental petition. Exhibit 43. The court found trial counsel to have acted ineffectively in failing to present the district court with facts or argument to consider running the sentences concurrently, for failing to argue an issue of multiplicity with respect to the charges so that the court would consider concurrent sentences, and for failing to present the petitioner in a favorable light and raise mitigating testimony at sentencing. *Id.* at 4-6, 9-10.

Both the state and petitioner appealed. Exhibits 58 and 61. The Nevada Supreme Court affirmed in part and reversed in part on January 30, 2004. Exhibit 67. The court stated the lower court's finding that trial counsel was ineffective at sentencing was not supported by competent substantial evidence as counsel did argue to the court for concurrent sentences. *Id.* The court reversed the lower court's determination that trial counsel was ineffective. *Id.* Remittitur issued on February 26, 2004. Exhibit 69.

Petitioner initiated the instant federal habeas action on March 10, 2004 (docket #1). Respondents moved to dismiss the petition arguing grounds three, four and six were unexhausted (docket #18). Petitioner elected to dismiss claim three (docket #23). This court granted the motion to dismiss with respect to claim three, and ordered respondents to file an answer to the remaining claims (docket #24). Respondents filed an answer to the petition (docket #29).

**III. Federal Habeas Corpus Standards**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), provides the legal

standard for the court's consideration of this habeas petition:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d).

The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693 (2002).  A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "'if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases'" or "'if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent.'"  *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000), and citing *Bell*, 535 U.S. at 694).

A state court decision is an unreasonable application of clearly established Supreme Court precedent "'if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Lockyer*, 538 U.S. at 75 (quoting *Williams*, 529 U.S. at 413).  The unreasonable application clause "requires the state court decision to be more than incorrect or erroneous"; the state court's application of clearly established law must be objectively unreasonable.  *Id*. (*quoting Williams*, 529 U.S. at 409).  *See also Ramirez v. Castro*, 365 F.3d 755 (9th Cir. 2004).

In determining whether a state court decision is contrary to, or an unreasonable

4

application of, federal law, this court looks to a state court's last reasoned decision.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Plumlee v. Masto*, 512 F.3d 1204, 1209-10 (9th Cir. 2008) (en banc).  When a state court has not "explained its reasoning on a particular claim" the federal court conducts "an independent review of the record to determine whether the court's decision was objectively unreasonable." *Sass v. California Board of Prison Terms*, 461 F.3d 1123, 1127 (9th Cir. 2006) (citing *Lewis v. Mayle*, 391 F.3d 989, 996 (9th Cir. 2004)).

Moreover, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**IV. Discussion**

    **A. Ground One**

In his first claim petitioner argues trial counsel was ineffective at sentencing, in violation of his Sixth and Fourteenth Amendment rights, for failing to raise the issue of multiplicity of the charges so that the court could consider the issue, if not as a matter of constitutional law, then as a mitigating factor to support sentencing petitioner to concurrent rather than consecutive sentences.  Petitioner argues that his conduct only amounted to one burglary rather than three separate burglaries.

To prove ineffective assistance of counsel, petitioner must show (1) that counsel acted deficiently, in that his attorney made errors so serious that his actions were outside the scope of professionally competent assistance and (2) the deficient performance prejudiced the outcome of the proceeding.  *Strickland v. Washington*, 466 U.S. 668, 687-90 (1984).  In the case of a guilty plea a petitioner must demonstrate that "but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

The Nevada Supreme Court reversed the district court's finding that trial counsel was ineffective. Exhibit 67.  The court held that the trial court's finding of ineffectiveness was not supported by the record.  *Id.*  Specifically, the court noted that trial counsel did argue to the

sentencing judge that he should consider sentencing petitioner to concurrent sentences as there was only one transaction that occurred. *Id.* The court also stated that immediately prior to the pronouncement of sentence counsel again asked the court to run the sentences concurrently. *Id.*

Furthermore, in its order of reversal, the Nevada Supreme Court stated that the trial court commented on how the three counts were closely related in time and space, but determined that a consecutive term of imprisonment that was higher then the recommended sentence was appropriate. *Id.* The court concluded that the district court's finding that counsel did not argue for concurrent sentences based on the fact that the three offenses could be considered one offense was not supported by substantial evidence.

The Nevada Supreme Court's reversal and finding that trial counsel performed effectively is not an unreasonable application of *Strickland* and *Hill*. Furthermore, a state court's factual determination may not be overturned unless this court cannot "reasonably conclude that the finding is supported by the record. *Cook v. Schriro*, 516 U.S. 802, 816 (9th Cir. 2008); *Miller-El v. Cockrell*, 537 U.S. 32 (2003) (stating "[f]actual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary" and a decision made by a state court based upon a factual determination "will not be overturned...unless objectively unreasonable in light of the evidence presented in the state-court proceeding"). The petitioner has the burden of proof to rebut the presumption of correctness. 28 U.S.C. § 2254(e)(1).

Petitioner has not shown that the Nevada Supreme Court's decision with respect to this claim was an unreasonable application of federal law. Moreover, petitioner did not meet his burden in demonstrating that the court's decision was unreasonable in light of the evidence presented in the state court proceeding. This court will deny ground one.

**B. Grounds Two and Five**

In petitioner's second claim he asserts that trial counsel was ineffective, in violation of his Sixth and Fourteenth Amendment rights, for failing to present petitioner in a favorable light at sentencing. Specifically petitioner contends that counsel called him a "thief" at sentencing and told

6

1  the court that petitioner should be punished in order to protect society.  Petitioner also notes that
2  counsel failed to call mitigating witnesses at sentencing, failed to challenge the pre-sentence
3  investigation report and failed to bring up to the court that the weapon found was not his and was an
4  inoperable antique.  In ground five, petitioner reiterates his argument that trial counsel was
5  ineffective, in violation of his Sixth and Fourteenth Amendment rights, for telling the judge at
6  sentencing that petitioner needed to be punished instead of advocating for his client.

7         The Nevada District Court found trial counsel failed to adequately defend petitioner at
8  the sentencing hearing, failed to present mitigating evidence or testimony, and failed to present his
9  client in a favorable light.  Exhibit 43.  On appeal the Nevada Supreme Court reversed the trial
10 court's order.  Exhibit 67.  The court held that the district court's finding that trial counsel was
11 ineffective was not supported by the record.  *Id.* at 2.  However, in making this conclusion, the court
12 did not discuss the issues of whether counsel failed to present mitigating evidence and failed to
13 present petitioner in a favorable light.  The Nevada Supreme Court only found that counsel did argue
14 the facts of the crimes and did request concurrent sentences.  *Id.* at 2-3.

15        As the Nevada Supreme Court did not explain its reasoning in reversing the trial
16 court's granting of these two claims, this court must conduct an independent review of the record to
17 determine whether the court's decision was objectively unreasonable.  *Sass v. California Board of*
18 *Prison Terms*, 461 F.3d 1123, 1127 (9th Cir. 2006).  After reviewing the record, and in light of the
19 testimony taken at the evidentiary hearing in the state court, it appears that the Nevada Supreme
20 Court's decision was not objectively unreasonable.  Trial counsel testified that his actions at the
21 sentencing hearing, in admitting petitioner's crimes and criminal history and asking for punishment,
22 amounted to a strategic decision, as taking responsibility for the crimes could be considered a
23 mitigator.  Exhibit 39.

24        The United States Supreme Court has noted that "strategic choices made after
25 thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."
26 *Strickland v. Washington*, 466 U.S. 668, 690-91 (1984).  Furthermore, the Court stated that "strategic

choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation.  In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Id. See also Wiggins v. Smith*, 539 U.S. 510, 521-23 (2003) (stating that a court must determine whether counsel's tactical decision to not present mitigating evidence at sentencing was reasonable).

Based upon a review of the entire record, the Nevada Supreme Court did not unreasonably apply federal law in finding that counsel did not perform deficiently.  It was not objectively unreasonable or contrary to federal law for the Nevada Supreme Court to conclude that counsel's strategic or tactical decisions did not amount to ineffectiveness.  The court will deny grounds two and five.

**C. Ground Three**

Petitioner elected to abandon claim three for failure to exhaust state remedies. Therefore, the court will not address the merits of this claim.

**D. Ground Four**

In his fourth claim petitioner contends that his Sixth and Fourteenth Amendment rights were violated as trial counsel misled petitioner by stating that the district attorney promised concurrent sentences.  The Second Judicial District Court, after hearing testimony from trial counsel and petitioner, determined counsel was not ineffective as the plea agreement noted that both the state and defense would be free to argue to the court for an appropriate sentence, suggesting the state did not promise the sentence would run concurrently.  Exhibit 43.  The Nevada Supreme Court affirmed this finding without discussion.

Petitioner has not met his burden of proving that the Nevada Supreme Court's decision was contrary to *Strickland*.  Moreover, the factual findings of the state courts will be presumed correct unless the petitioner rebuts this presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).  As petitioner has not shown that the lower court's decision was

unreasonable based on the evidence presented in the state court, ground four will be denied.

### E. Ground Six

In his sixth and final claim petitioner asserts that appellate counsel violated his Sixth and Fourteenth Amendment rights when she committed perjury by stating that petitioner gave his consent to dismiss the direct appeal. Petitioner argues he submitted a letter to the Nevada Supreme Court advising the court he did not consent to withdrawal of the appeal. The Second Judicial District Court found, after hearing testimony from petitioner and appellate counsel, that petitioner did give appellate counsel his consent to withdraw the appeal so that he could pursue postconviction relief and subsequently denied the claim. Exhibit 43. The Nevada Supreme Court affirmed the district court's denial of this claim.

"Claims of ineffective assistance of appellate counsel are reviewed according to the standard announced in *Strickland*." *Turner v. Calderon*, 281 F.3d 851, 872 (9th Cir. 2002). The state courts did not unreasonably apply *Strickland* in determining that appellate counsel was not ineffective. The factual findings of the Nevada state courts are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's decision was contrary to, or involved an unreasonable application of clearly established federal law or that the court's finding that petitioner consented to the withdrawal of his direct appeal is unreasonable in light of the evidence. Ground six will be denied.

### V. Certificate of Appealability

In order to proceed with an appeal from this court, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.* The Supreme Court has held that a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Supreme Court further illuminated the standard for issuance of a certificate of

appealability in *Miller-El v. Cockrell*, 537 U.S. 322 (2003). The Court stated in that case:

> We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail. As we stated in *Slack*, "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

*Id.* at 1040 (quoting *Slack*, 529 U.S. at 484).

The court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appeal, and the court determines that none meet that standard. The court will therefore deny petitioner a certificate of appealability. Accordingly, the court will deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that the first amended petition for a writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that the clerk shall **ENTER JUDGMENT ACCORDINGLY.**

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY**.

Dated this 30th day of April, 2008.

_____
UNITED STATES DISTRICT JUDGE